United States District Court
Western District of Michigan

FILED
June 17, 2022 10:45 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: mlc SCANNED BY: /s/

Ira Vorus,
　　Plaintiff,

V.

Corizon Health Care,
NP Lewis,
Jamie Monville (Health Unit Supervisor),
Aaron Jeffery (A/Health Unit Manager),
(In Their Individual capacity)
　　　　　Defendants.

2:22-cv-128
Maarten Vermaat
U.S. Magistrate Judge

Jury Trial Demanded

There is no other pending or resolved civil action arising out of the same transaction or occurance as alleged in this Complaint.

## I. Jurisdiction And Venue

1. This is a civil action authorized by 42 USC §1983 to redress the deprivation, under color of State law, of rights secured by the Constitution of the United States. The Plaintiff seeks monetary relief and Declaratory relief pursuant to 28 USC § 2201. This Court has jurisdiction under 28 USC §1331 and 1343(a)(3).

2. The Western District court has proper venue under 28 USC §1391(b)(2) as it is where the cause of action giving rise to this claim occured.

## II. Plaintiff

3. The Plaintiff, Ira Vorus, (hereinafter "Plaintiff"), is a prisoner in the Michigan Department of Corrections ("MDOC") located at: Baraga Correctional Facility ("AMF"), 13924 Wadaga Rd., Baraga, MI 49908.

4. The Plaintiff seeks to redress the violations of his First and Eighth Amendment rights that transpired at AMF when the Defendants deliberately failed to provide the Plaintiff with adequate medical treatment after he contracted Covid-19, and then refused to protect him from the contagious environment as Defendant NP Lewis personally took adverse action against the Plaintiff due to the grievances that he filed concerning the matter as a form of retaliation which placed his life in grave danger.

1.

## III. Defendants

5. Defendant, Corizen Health Care, (hereinafter "Corizen"), is a company that is contracted with the MDOC that provides health care services to Michigan prisons (such as Plaintiff) who employees and supervises medical personnel, such as the below Defendants, and is responsible and subjected to ensuring that prisoners such as Plaintiff are provided with adequate medical treatment according to the standards of society. Corizen is accused of deliberately failing to provide adequate medical treatment to the Plaintiff, and failing to protect him from a contagious environment when, after being contacted by the Plaintiff and his family concerning the issues, the company refused to take any measures to curb the inadequate treatment that was given by its employees or to protect him from the conditions of being housed in a contagious, Covid unit after learning of his rare reaction to the virus which caused for urgent care due to Plaintiff's extreme low white blood cell count, in violation of his Eighth Amendment right to be free from cruel and unusual punishment.

6. Defendant, NP Lewis, (hereinafter "Ms. Lewis"), is/was employeed as a Nurse Practitioner at AMF during the course of events alleged in this complaint. Ms. Lewis is accused of deliberately failing to protect the Plaintiff from a contagious environment and to provide him with adequate medical treatment after discovering that Plaintiff had contracted the virus and suffered a rare reaction of losing nearly all of his white-blood cell counts as a result. Ms. Lewis is also accused of taking adverse action against the Plaintiff by refusing to exercise her authority to have Plaintiff transferred to a secured medical facility where he could receive adequate treatment after learning that Plaintiff had filed grievances against her as a form of retaliation against him. Ms. Lewis' decision to allow the Plaintiff to remain in the flagrant conditions for filing grievances constituted as a violation of the Plaintiff's First Amendment right to be free from retaliation and his Eighth Amendment right to be free from cruel and unusual punishment.

7. Defendants, Jamie Monville (hereinafter "Monville"), and Aaron Jeffery (hereinafter "Jeffery"), is/were employeed as medical personnel at AMF during the course of events alleged in this complaint. Defendant Monville functioned as the "Health Unit Supervisor" as superior over medical staff here at AMF. Defendant Jeffery functioned as the "Assistant Health Unit Manager" holding a managerial position over medical staff here at AMF. These Defendants are collectively identified in this complaint as "Medical Personnel". Defendants "Medical Personnel" are accused of violating the Plaintiff's Eighth Amendment right to be free from a contagious environment and to receive adequate medical treatment when they deliberately refused to take any actions to curb the violation of housing the Plaintiff in a Covid infested unit after being notified by NP Lewis that he suffered a rare reaction of losing nearly all of his white-blood cells and was diagnosed as needing special care by quarantining him at another facility better equipted to treat his condition and, upon being notified that Plaintiff was not receiving treatment, they refused to exercise their authority to ensure that Plaintiff received adequate medical treatment.

2.

## IV. Statement of Facts

8. In November 2021, another waive of Covid-19 struck again here at AMF, where the Plaintiff resides, which caused the facility to shutdown and go back into "outbreak" status.

9. Dreaded from the remembrance of the physical ailments that he suffered from contracting the virus during the first outbreak in 2020, the Plaintiff immediately began requesting for both Administrative and Medical staff to adhere to the protocols mandated by the state by seeing to it that he was properly seperated and quarantined from the Covid-positive population.

10. As the number of infected staff and prisoners grew, the Plaintiff spoke directly with multiple unknown medical staff members demanding for them to exercise their authority to have him transferred to a safer facility to prevent him from contracting the virus. One unknown nurse informed the Plaintiff that, though they (medical staff) had authority to order such a transfer, the medical supervisor would have to approve for the "emergency" transfer to make it happen.

11. The Plaintiff, upon being informed that approval was needed from a medical supervisor, began submitting numerous kites to Defendants Manville and Jeffery concerning the matter of his well-being and health being placed in danger due to staff housing him in a unit where they also quarantined Covid-positive prisoners while he was negative of the virus.

12. In his kites, the Plaintiff requested for "Medical Personnel" to abide by the Covid-19 protocols and exercise their authority to approve for the Plaintiff to be emergency transferred from the covid infested facility as a safety measure which was mandated by the state to prevent the mass spreading of the virus.

13. "Medical Personnel" finally sent a response kite to the Plaintiff with an insouciant reply informing him that they (medical staff) are currently not transferring prisoners due to the pandemic and if he were feeling any symptoms of the virus to notify staff and to continue practicing social distancing.

14. Appalled by the inane response from "Medical Personnel", the Plaintiff contacted his family informing them of the egregious conditions and instructed for them to "google" Corizen's contact information and provide it to him while requesting for his family to contact Corizen themselves as well to notify the Health Care company of the Covid protocol violations that were being practiced by staff at AMF.

15. Shortly after retrieving Corizen's contact info from his family who, by that time, had contacted the Health Care company and notified them of the malfeasance at AMF, the Plaintiff wound up contracting the virus in the first week of December, 2021.

3.

16. Upon discovery of contracting the virus, the Plaintiff sent a letter to Defendant Corizen explaining the disregard of Covid protocols by both Administrative and Medical personnel who, instead of practicing social distancing and the quarantining of positive inmates, were practicing social compilling and commingling of Covid-positive and negative prisoners contributing to the mass spreading of the virus.

17. The Plaintiff also expressed in his letter of distress to Corizen how "Medical Personnel" personally contributed to him contracting the virus by refusing to exercise their authority to have Plaintiff emergency transferred to a safer facility which could have prevented the him from catching the virus, and requested for the company to compell "Medical Personnel" to abide by the State's protocol and order for the MDOC to secure his person at a designated, medical Covid-Cohort facility where he may recieve adequate medical treatment.

18. On December 8, 2021, the Plaintiff was seen and examined by Defendant Ms. Lewis who informed him that, due to contracting the virus, he was having a rare reaction to the virus that caused for his white blood cells to decrease excessively almost to the point of not having any, and diagnosed him as having "Neutropenia" (low nuetrophil count) and recommended for him to be transferred to a designated Covid Cohort, medical facility because it was no longer safe to house the Plaintiff in the Covid infested environment.

19. During the course of his infection, the Plaintiff fell extremely ill and suffered the maladies of fatigue, shortage of breath, severe headaches, extreme vomitting, and loss of taste and smell as a consequence of "Medical Personnel's" failure to abide by Covid protocol.

20. After his dialog with Defendant Ms. Lewis, the Plaintiff was never transferred to a safer, Covid Cohort facility as suggested by Lewis, nor did he ever receive any adequate medical treatment from either of the Defendants even after being diagnosed with suffering a rare ailment that caused for nearly all of his white blood cells to vanish which are needed for the body to fight off diseases.

21. On December 15, 2021, the Plaintiff filed a step 1 grievance (Exhibit A) concerning the inadequate medical treatment exhibited by Corizen and NP Lewis after contracting the virus. (See, Step 1 Grievance # AMF-2112-0189-12d3 attached as Exhibit A).

22. The Plaintiff also filed a step 2 grievance against Administrative staff and "Medical Personnel" for their failer to protect the Plaintiff from a contagious environment by refusing to seperate and quarantine the positive prisoners from the negative in accordance with Covid protocol which caused the Plaintiff to contract the virus. This said grievance, however, was never processed by the Administration and was written off as a "mysteriously" missing document.

4.

23. Sometime in late December 2021, Defendant Lewis approached the Plaintiff's cell with a grim look on her face and stated: "Mr. Vorus, I was contacted about that grievance you filed against concerning your treatment. I guess you thought that would turn out in your favor, but that wasn't pretty smart."

24. The Plaintiff stated: "Mam, I'm just trying to do whatever it is I gotta do to secure my health and receive real treatment cause, as you already said, my white blood cells are extremely low and I am not getting any better. Every day feels worser and worser to the point I feel as though I'm better off dead; you even recommended yourself for me to be transferred to a medical facility that would better treat me and secure me from the virus but none of that has happened yet and it's like ya'll just dragging ya'll feet."

25. Ms. Lewis contended: "Well I mean, Mr. Vorus; if you're sitting here with enough energy to write grievances on our staff, claiming that we're not providing you with adequate treatment as though you're trying to jam us up or something then... I mean of course no one's gonna wanna go through the hassle of processing all of the necessary paperwork to get you out of here, regardless of the circumstances because, you know why?... You're not the only person in this position that we have to deal with; so all this extra stuff that you're doing is only getting you pushed to the back burner."

26. The Plaintiff responded: "Hold up, hold up, hold up... So wait a minute; so you telling me, pretty much, that despite the fact that you yourself diagnosed and recommended for me to be transferred to a medical facility where I can receive treatment and be seperated from this environment; you gone place my well-being in jeopardy by placing me on the back burner because I filed a grievance concerning my health."

27. Ms. Lewis replied: "Come on Mr. Vorus, how long have you been doing this? You filed complaints on my supervisor, Mr. Vorus... what did you think was gonna happen? My hands are even tied now."

28. The Plaintiff then question Defendant Lewis as to what would be the end result of him receiving the treatment as she originally recommended.

29. Ms. Lewis stated that she was not sure how things would "play out" now due to the circumstances that the complaints created, but that he should be hearing something back soon in response to the grievance. Ms. Lewis then walked off from the Plaintiff's never to be heard from or seen again as of this writing.

30. The Plaintiff then submitted more kites to "Medical Personnel" and mailed another letter to Corizen concerning the issue of being diagnosed with "neotropenia" (low blood cell count) and staff's failure to take heere to NP Lewis's recommendation of having him transferred to quarantine him at medical facility, apparently because of the grievances he filed, in violation of Covid protocol and his right to receive adequate treatment.

5.

31. About a week or so later, some time in January 2022, the Plaintiff received a response kite from Defendant Monville stating that his (the Plaintiff's) case was not urgent and recommended for Plaintiff to continue practicing safety protocols to prevent contracting Covid-19, and to continue taking his "vitamins" as prescribed.

32. As for Defendant Corizen, the Plaintiff never received any response - not even a wellness check - from his communications that he sent to the Health Care company.

## V. Exhaustion of Remedies

33. As already discussed, the Plaintiff filed a step 1 grievance (Exhibit A) against Defendants Corizen and Ms. Lewis concerning the inadequate medical treatment he suffered after contracting the virus. Defendants Monville and Jeffery reviewed/responded to the grievance and denied it alleging that "All care 'appears' appropriate." (See, Step 1 Grievance Response attached as Exhibit A). The Plaintiff then submitted a request for a step 2 appeal form to the Grievance Coordinator which he never received and, as his only alternative, he submitted a handwritten step II appeal to the Grievance Coordinator's office in mid-January appealing the step 1 decision and further raising "medical Personnel's" failure to protect him from a contagious environment and to provide adequate medical treatment even after Ms. Lewis's recommendation. After over 15 days going past without out a response to step 2, the Plaintiff submitted a kite to the Grievance Coordinator questioning as to why his grievances were not being processed and requested for a step 3 appeal. The Plaintiff never received a response back from the Grievance Coordinator nor had he received a proper step 3 form from his office and, as an alternative, the Plaintiff mailed a handwritten step 3 appeal to the Director's Office in Lansing, Michigan which, as of date, he has heard nothing from.

34. As mentioned, the Plaintiff had also filed a step 1 grievance against Administrative and "Medical Personnel" concerning their failure to protect him from a contagious environment by deliberately housing him in a Covid infested unit while he was still negative mentioning how Monville and Jeffery had failed/refused to exercise their authority to have the Plaintiff seperated from the Covid infested unit. The grievance was filed with the Grievance Coordinator but it was never processed, rendeing the remedy as unavailable. The Plaintiff even went as far as requesting a step 2 appeal after not receiving any response within 15 days in accordance with Policy 03.02.130, which was never provided to him and, as an alternative, he submitted a handwritten step 2 to the Grievance Coordinator's office which never got processed or responded to as well. The Plaintiff requested a step 3 appeal form a little over 15 days later after submitting step 2, which he never received, and submitted a handwritten step 3 appeal to the Director's office in Lansing sometime in early-February which, as of date, he still has not received a response from.

6.

35. In late-December 2021, after his encounter with Defendant Ms. Lewis in paragraphs 23-29 when she confessed to placing the Plaintiff's treatment on the "back burner" due to the complaints he filed against her and "Medical Personnel," the Plaintiff submitted another step 1 grievance against Ms. Lewis this time for taking adverse actions against the Plaintiff for filing a grievance against her as a form of retaliation, in violation of his First Amendment right. The Plaintiff submitted the step 1 grievance with the Grievance Coordinator which, like the other grievances, was never processed. The Plaintiff went through the same formalities as mentioned in paragraph 34 concerning the unprocessed grievances against Administrative and "Medical Personnel" as with this grievance mentioned against Defendant Lewis for the retaliation claim.

36. Therefore, the Plaintiff has exhausted all of his available administrative remedies as required in relations to the First and Eighth Amendment claims raised in this complaint.

## VI. Legal Claims

37. The Plaintiff realleges and incorporates by reference paragraphs 1-36 as though fully stated herein.

38. The failure of Defendant Corizen to intervene and curb the reported violations alleged in this complaint after receiving notice of the flagrant conditions Plaintiff suffered by being housed in a covid infested unit while he was negative which caused for him to contract the virus, and the lack of adequate medical treatment he endured as a result, constituted as a deliberate indifference towards the Plaintiff's health and well-being in violation of his Eighth Amendment right to be free from a contagious environment and to receive adequate medical treatment.

39. The actions of Defendant Lewis, as alleged in this complaint, when she deliberately denied the Plaintiff adequate medical treatment and failed to protect him from a contagious environment after discoverying that Plaintiff had filed a grievance against her, leaving him to suffer from his rare medical condition, constituted as retaliation against the Plaintiff in violation of his First Amendment right, and as deliberate indifference towards his right to receive adequate medical treatment and be free from a contagious environment in violation of his Eighth Amendment rights.

40. The failure of Defendants Monville and Jeffery ("medical Personnel") to intervene and curb the reported violations alleged in this complaint after receiving much notice of the flagrant conditions Plaintiff suffered by being housed in a covid infested unit while he was negative which caused him to contract the virus and trigger a rare ailment as a result; along with the lack of adequate medical treatment he endured after being diagnosed by NP Lewis, constituted as a deliberate indifference towards the Plaintiff's health and well-being in violation of his Eight Amendment right to be free from a contagious environment and to receive adequate medical treatment.

## VII. Relief Requested

Wherefore, the Plaintiff request for this Honorable Court to grant the following as relief:

A.) Award compensatory relief in favor of the Plaintiff in the following amounts:

1. $100,000, jointly and severally against Defendants Corizen, Monville, and Jeffery for the Eighth Amendment violations alleged against them in this complaint.

2. $150,000 against Defendant Lewis for the First and Eighth Amendment violation claims alleged against her in this complaint.

B.) Award punitive damages in favor of the Plaintiff in the following amounts:

1. $100,000, jointly and severally, against Defendants Corizen, Monville, and Jeffery for the Eighth Amendment violations alleged against them in this complaint.

2. $150,000 against Defendant Lewis for the First and Eighth Amendment violation claims alleged against her in this complaint.

C.) Issue a declaratory judgment stating that:

1. The deliberate indifference of Defendants Corizen, Monville, Jeffery, and Lewis towards the Plaintiff's health and safety by refusing to exercise their authority to seperate him from a covid infested unit, and their failure to provide him with adequate medical treatment, constituted as a violation of the Plaintiff's Eighth Amendment right to be free from a contagious environment and to receive adequate medical treatment.

2. The adverse actions taken by Defendant Lewis against the Plaintiff when she deliberately refused to provide him with adequate medical treatment and protect him from a covid infested environment after discovering that Plaintiff had filed a grievance against her, constituted as a violation of the Plaintiff's First Amendment right to be free from retaliation.

D.) Award the Plaintiff fees and costs against the Defendants for having to bring this action in court.

E.) Award any other relief this Court deems just and equitable in favor of the Plaintiff.

## VIII. Verification

I, Ira Vorus, pursuant to 28 USC §1746, declare under the penalty of perjury, that I have examined this complaint and declare that the statements therein are true and correct, and I am competent to testify in court to the truthfulness of the statements made herein this complaint.

Dated: June 8, 2022

Truthfully Submitted,

S: /s/ Ira Vorus
    Ira Vorus

Ira Vorus #715289
Baraga Correctional Fac.
13924 Wadaga Road
Baraga, MI 49908

U.S. D
Court
P.O. Bo
Marquett



istrict Court
Clerk Office
698
MI 49855